## In re Soldiers' Compensation Appeals.

Nos. 25,550, 25,552, 25,566, 25,636, 25,638, 25,639, 25,640, 25,641, 25,648, 25,674, 25,682, 25,683, 25,687, 25,688, 25,690, 25,692, 25,714, 25,719, 25,736, 25,742, 25,765, 25,796, 25,804, 25,827, 25,836, 25,853, and 25,863.

### MEMORANDUM DECISIONS.

*Per Curiam*—Dawson, J.: These are twenty-seven appeals from judgments of various district courts in soldiers' compensation cases, in all except two of which the state is appellant. They fall somewhat logically into groups governed by similar principles, but their number and diversity are such as to render it impracticable to dispose of them like an ordinary series of consolidated cases. The court, however, has been advised that it will expedite the work of the compensation board to have the decisions in these cases announced now, although formal opinions have not been prepared. The following decisions, with a keynote indicating the controlling point in each case, is therefore announced, viz.:

In *Horvat v. Davis*, No. 25,550, and *Patrick v. Davis*, No. 25,552, appeals from Wyandotte county, appellees' honorable discharges indicate that their world-war service was satisfactory to the government, and appellees are within the letter of the compensation act. The words written across their discharges, "Not a citizen of the United States," held not to lessen the force of the recitals that appellees' service was "honest and faithful." Judgment affirmed. Burch, J., dissents.

*Zagar v. Davis*, No. 25,765, appeal from Wyandotte county, controlled by *Horvat v. Davis*, supra. Judgment affirmed.

In *McAleese v. Davis*, No. 25,639, and *Sebron v. Davis*, No. 25,640, appeals from Geary county, it is held that a regular-army soldier who had and maintained a *bona fide* residence in Kansas at the time the United States entered the world war and who continued to maintain his residential domicile in Kansas during his world-war service was entitled to compensation, regardless of time and place of enlistment. Judgment affirmed. Harvey, J., dissents.

In *Bonar v. Davis*, No. 25,638, *Washington v. Davis*, No. 25,641, *Smith v. Davis*, No. 25,692, and *Allen v. Board*, No. 25,648, appeals from Geary county, judgments modified by limiting compensation allowances to the dates of appellees' honorable discharges, respec-

tively, May 20, 1919, June 9, 1919, June 9, 1919, and May 18, 1919, HARVEY, J., dissents from any allowance.

*Mason v. Board,* No. 25,688, appeal from Geary county, controlled by *McAleese v. Davis,* supra.   Judgment affirmed.   HARVEY, J., dissents.

In *Campbell v. Board,* No. 25,719, appeal from Miami county, evidence held to show that appellee's honorable discharge dated April 11, 1919, was simply part of a routine method of transferring him from one kind of army service to another.   Judgment affirmed. HARVEY, J., dissents.

In *Powell v. Davis,* No. 25,682, appeal from Barton county, held that a national guardsman was not entitled to compensation until called into service in the world war pursuant to proclamation of the president.   Judgment reversed.

In *Koehler v. Board,* No. 25,796, appeal from Nemaha county, held that general order of war department placing a soldier on retired list after more than twenty-seven years' army service under honorable conditions is equivalent to an honorable discharge.   Entitled to compensation to date of retirement, November 21, 1918. Judgment modified.

In *Fuller v. Board,* No. 25,566, appeal from Shawnee county, it is held that this case is partly controlled by the Koehler case, *supra,* and otherwise by *McAleese v. Davis,* supra, appellee being a *bona fide* resident of Kansas at the time he entered service in the world war.   Judgment affirmed.   HARVEY, J., dissents.

In *Bartel v. Davis,* No. 25,636, appeal from Riley county, appellee's honorable discharge indicates that he was honest and faithful and that the government was satisfied with his service in the world war notwithstanding his religious views on combatant service. Judgment affirmed.

In *Parrish v. Board,* No. 25,683, appeal from Cherokee county, it is held that status of appellee was fixed when commissioned in the officers' reserve corps in Missouri on August 15, 1917, *which was after* the United States entered the war.   Judgment reversed.

In *Molinar v. Board,* No. 25,736, appeal from Crawford county, claim for compensation by Colorado homestead settler and patentee

of land in the public domain presents mixed question of law and fact where finding of trial court is not conclusive. (*Railroad Co. v. Utilities Commission*, 95 Kan. 604, 622, and citations, 148 Pac. 667.) Judgment reversed.

*Croan v. Board*, No. 25,674, appeal from Linn county, controlled by *Molinar v. Board*, supra. Judgment reversed.

In *Winkler v. Board*, No. 25,714, appeal from Wyandotte county, appellee did not serve in the world war prior to November 11, 1918, Judgment reversed.

*Widick v. Board*, No. 25,742, appeal from Lyon county, governed by *Winkler v. Board*, supra. Judgment reversed.

In *Crevier v. Board*, No. 25,804, appeal from Geary county, appellee not entitled to compensation for period between November 2, 1917, and October 23, 1918, while attending private dental school. Judgment reversed.

*Smith v. Davis*, No. 25,827, appeal from Wyandotte county; deserted wife may prosecute appeal for compensation where soldier husband neglects to do so. Judgment affirmed.

*Humphrey v. Board*, No. 25,836, appeal from Geary county; student in officers' training camp honorably discharged for physical disability entitled to compensation. Judgment affirmed. Harvey, J., dissents.

*Doniphan v. Davis*, No. 25,690, appeal from Wyandotte county; purely a case of disputed facts; trial court's judgment conclusive. Judgment affirmed.

*Crews v. Board*, No. 25,687, appeal from Douglas county; controlled by *Doniphan v. Davis*, supra. Judgment affirmed.

In *Robinson v. Board*, No. 25,853, appeal from Wyandotte county, draft recruit who served at Camp Funston for 55 days and was discharged for physical disability was entitled to compensation. Judgment affirmed.

In *Stafford v. Board*, No. 25,863, appeal from Labette county, naval midshipman held entitled to compensation. Judgment affirmed.