No. 25,895.

GLENN A. DELLINGER, *Appellee*, v. THE KANSAS SOLDIERS' COMPEN-SATION BOARD, *Appellant*.

SYLLABUS BY THE COURT.

1. SOLDIERS' COMPENSATION APPEAL—*Claimant's Compensation Governed by the Time He Actually Served in the World War Pursuant to His Call Into Service*. Under the compensation acts, R. S. 73-101 *et seq.*, a claimant's right to compensation is governed by the time he served in the world war pursuant to his call into service, and is not governed by the mere date of his enlistment in one of the military reserve organizations maintained by the government.

2. SAME—*Jurisdiction of Appellate Court*. The supreme court has appellate jurisdiction to review judgments in soldiers' compensation cases regardless of the amount of compensation involved.

Appeal from Stafford district court; LEROY E. QUINLON, judge. Opinion filed November 8, 1924. Reversed.

*Charles B. Griffith*, attorney-general, *Donald W. Stewart*, assistant attorney-general, and *William Davidson*, county attorney, for the appellant; *Ralph W. Oman*, of Topeka, of counsel.

*Paul R. Nagle*, of St. John, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: Glenn A. Dellinger, a resident citizen and native of Stafford county, enlisted in the signal service reserve corps of the United States army on December 27, 1917. He was told by the recruiting officer to go home and hold himself in readiness for a call to report for duty. In April, 1918, he received orders from the war department to report at once at Berkeley, Cal. He obeyed, and served from April 4, 1918, to May 2, 1918, when he was honorably discharged. He claimed compensation from December 27, 1917, until May 2, 1918. Compensation was refused for the period preceding his call into service. Dellinger appealed, and prevailed in the trial court on the assumption that the case was governed by our decision in *Dew v. Davis et al.,* 115 Kan. 219, 222 Pac. 750. The defendant board brings the case here for review.

The case of *Dew v. Davis,* supra, was that of a sailor who was regularly enlisted in the United States navy, not that of an enlistment in the naval reserve, army reserve, or any other reserve corps then maintained by the government. One rough-and-ready test used by military men to determine whether a man was in the army or the navy at a particular time was the test of pay. If he was receiving pay from the government he was in the service; if not, he was not regarded as in the service. Dew was a regularly enlisted sailor and he received pay as such. That he was sent home temporarily was of no consequence. He had to obey orders. Dellinger was only enlisted in the reserve. He did not receive compensation from the government from December 27, 1917, to April 4, 1918, for the very good reason that the government did not regard him during that interval as being in its service. This test of receiving pay from the national government may not be an accurate one to measure every claim for compensation under the Kansas act, but ordinarily it is one of *prima facie* practical usefulness. We think the claimant rendered no military service in the world war entitling him to compensation under the Kansas statute until he was called into service April 4, 1918. (*In re Soldiers' Compensation Appeals, Winkler's case,* 116 Kan. 601, 603, 227 Pac. 1117; *id.,* 116 Kan. 677, 229 Pac. 355.)

Plaintiff moves to dismiss on the ground that this court has no jurisdiction since the disputed amount of compensation involved is less than $100. But these compensation cases are not ordinary

Waddell v. Soldiers' Compensation Board.

civil actions for the recovery of money judgments as contemplated by R. S. 60-3303. Money judgments cannot properly be decreed in compensation cases. Appellate jurisdiction in this class of cases is conferred by special legislation. (R. S. 73-130.) That section prescribes the mode of appeal—the same mode as in other civil cases. The *mode* of appeal has nothing to do with the amount of compensation involved in the appeal. In *Duckworth v. Board of Compensation,* 116 Kan. 399, 401, 226 Pac. 707, it was said:

"The proceeding upon appeal is somewhat like one to obtain a declaratory judgment. The court takes up the dispute between the board and the veteran as in an equity proceeding, and the decision, when made in an ordinary case like this one, is to be certified to the compensation board, which should make payment to the veteran, not to the clerk of the court, of the amount of compensation found and declared to be due."

The motion to dismiss is denied, and the judgment is reversed with instructions to enter judgment for defendant.