No. 25,683.

ELISHA HAMILTON PARRISH, *Appellee,* v. THE KANSAS SOLDIERS'
COMPENSATION BOARD, *Appellant.*

SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Claimant Resident of Kansas at Time He Entered
Army for Service—Entitled to Compensation.* Under the Kansas compen-
sation acts, R. S. 73-101 *et seq.,* a claimant who was a *bona fide* resident of
Kansas at the time he entered the army for service in the World War is
entitled to compensation, notwithstanding his term of military service arose
in consequence of his long prior acceptance of a lieutenancy in a reserve
corps of the United States army while he was still a resident of Missouri
and before he established a residence in Kansas, and notwithstanding he
also qualified for and received a soldier's compensation under a Missouri
statute materially different from the Kansas acts.

Appeal from Cherokee district court; FRANK W. Boss, judge. Opinion on
rehearing filed December 6, 1924. (For original opinion of reversal, see 116
Kan. 601.) Affirmed.

*Charles B. Griffith,* attorney-general, *Donald W. Stewart,* assistant attorney-
general, and *R. E. Rosenstein,* county attorney, for the appellant; *John F.
Rhodes,* of Hutchinson, and *Ralph W. Oman,* of Topeka, of counsel.

*C. E. Rumery,* of Baxter Springs, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This is a rehearing. The plaintiff, a resident citi-
zen of Baxter Springs, was called into active service in the army on
July 16, 1918, and served therein until June 29, 1919, when he re-
ceived an honorable discharge. His application for compensation
was regular in all respects (unless as hereinafter noted), and he
frankly and truthfully gave the compensation board all the facts
concerning himself and his military service.

Compensation was denied because of the following circumstances:
Until April, 1918, plaintiff had been a resident of Missouri, where he
practiced his profession as a dentist. In August, 1917, he accepted
from the government a commission as first lieutenant in the dental
reserve corps in the United States army, but was not called into
service thereunder for nearly a year thereafter. In April, 1918, he
removed to Baxter Springs with his family, where he established a
permanent abode and practiced his profession until ordered to re-
port for service at Fort Sam Houston, Texas, in July, 1918.

These facts would probably have been deemed sufficient to entitle the plaintiff to compensation under the Kansas statute but for plaintiff's prior acceptance of a commission in the dental reserve corps of the United States army in 1917, while he was still a resident of Missouri; and it so happens that the state of Missouri also enacted a soldier's compensation act which reads, in part, as follows:

"Each person, hereinafter called the 'soldier,' who was a *bona fide* resident of the state of Missouri at least during the twelve months just *prior* to the 6th day of April, 1917, and who served honorably in the military or naval forces of the United States, including army nurses, at any time between the 6th day of April, 1917, and the 11th day of November, 1918, shall be entitled to receive from the state of Missouri, out of the funds created by this act, as a bonus, the sum of ten dollars per month." (Laws of Mo., 1921, Sp. Ex. Sess., p. 7.)

Under the peculiar features of that Missouri statute, plaintiff honestly could and did qualify for Missouri compensation, and received from that state $120 in accordance with the terms of the Missouri statute.

Do those facts bar plaintiff from compensation under the Kansas statute? The case is unique, but the two statutes are so different in their terms that it is quite possible for a soldier to qualify under both acts. And Lieutenant Parrish appears to have done so. He practiced no evasion or deceit. He frankly disclosed all the facts to the compensation board. He was a *bona fide* resident of Kansas at the time he commenced his army service in the World War. He is and always has been a resident citizen of Kansas since April, 1918, some months before his service as a soldier began.

We have held that a Kansas soldier is entitled to compensation from the time he actually took up the duties, toils, discipline and hardships of army service, not from the time he merely identified himself with some military organization like the national guard or one of the various army reserves maintained by the government. (*In re Soldiers' Compensation Appeals*, 116 Kan. 601, 227 Pac. 1117.) In *Dellinger v. Soldiers' Compensation Board*, ante, p. 147, 230 Pac. 300, it was held:

"Under the compensation acts, R. S. 73-101 *et seq.*, a claimant's right to compensation is governed by the time he served in the World War pursuant to his call into service, and is not governed by the mere date of his enlistment in one of the military reserve organizations maintained by the government." (Syl. ¶ 1.)

We have also held it immaterial what the residence of a professional soldier might have been when he first became connected with

the United States army if such soldier was in fact a *bona fide* resident of Kansas and maintaining a residential domicile in this state when his service as a soldier in the World War began. (See the cases McAleese, Sebron, and Fuller, in *In re Soldiers' Compensation Appeals,* 116 Kan. 601, 227 Pac. 1117.)

After mature reflection, the court is constrained to hold that plaintiff's claim is squarely within the terms of the Kansas compensation act, notwithstanding he is also the recipient of soldier's compensation from the state of Missouri. Our *per curiam* judgment of July 5, 1924, is therefore set aside and the judgment of the district court is affirmed.

HARVEY, J. (dissenting): This claimant was a resident of Missouri at the time war with Germany was declared by the resolution of congress. Afterwards, and while a resident of that state, he applied for admission to the army of the United States; he was examined as to his qualifications for his admission to the army and was accepted and assigned to the reserve corps. In my judgment that fixed his status so far as his place of residence at the time he entered the army was concerned. Our statute does not authorize the payment of compensation to persons who were residents of states other than Kansas at the time of their entrance into the army.

I agree with the court that his drawing compensation from Missouri would not, under the facts in this case, bar him from drawing compensation in Kansas.