No. 25,911.

ADOLPH J. HELWIG, *Appellee*, v. THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellant*.

SYLLABUS BY THE COURT.

SOLDIER'S COMPENSATION—*Enlisted in Medical Reserve Corps—Not Called to Active Duty—Not Entitled to Compensation.* A student in a veterinary school, who enlisted in the medical reserve corps but was not called to active duty before he was discharged, is not entitled to compensation, under the statute relating to compensation for veterans of the World War.

Appeal from Wyandotte district court, division No. 1; EDWARD L. FISCHER, judge. Opinion filed February 7, 1925. Reversed.

*C. B. Griffith,* attorney-general, *Justus N. Baird,* county attorney, *Ralph W. Oman,* of Topeka, and *Donald W. Stewart,* of Independence, for the appellant.

*Frederick R. White,* of Kansas City, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The state compensation board appeals from a judgment of the district court allowing compensation under the statute relating to compensation for veterans of the World War.

Helwig, a student in a veterinary school, enlisted in the medical reserve corps on January 5, 1918, and was discharged on January 4, 1919. His discharge bore the notation, under head of remarks, "This soldier never called active. No final statement given." He was issued a uniform, which he wore, but he was not in fact called to active duty, and received no pay. He said he was "subject to orders." While the facts are slightly different from the facts involved in the case of *Winkler v. Board* (*In re Soldiers' Compensation Appeals*, 116 Kan. 677, 680, 227 Pac. 1117), the principle there applied is controlling. Wearing the uniform of a soldier was not service. The orders to which Helwig was subject were orders similar to those to which men enrolled in the naval or army reserves were subject (*Parrish v. Soldiers' Compensation Board,* 117 Kan. 301, 231 Pac. 332), and his claim falls "outside the letter, the spirit, the purpose, and the constitutional justification of the compensation act." (*Winkler v. Board,* supra.)

The judgment of the district court is reversed, and the cause is remanded with direction to disallow compensation.