No. 26,246.

WILLIAM MARSHALL SEIGLE, *Appellee*, v. KANSAS SOLDIERS' COM-
PENSATION BOARD et al., *Appellants*.

### SYLLABUS BY THE COURT.

SOLDIERS' COMPENSATION—*Requisites*—*Nature of Discharge.* Plaintiff, a citi-
zen of Kansas, performed honorable active service as a fireman in the
United States navy from the date of his enlistment, April 7, 1917, until the
armistice, but was discharged from the naval service with an "undesirable
discharge" because of being jailed by the civil authorities while on shore
leave for a breach of the peace and consequently absent without leave from
his military duty for a time. *Held,* that the want of the statutory requisite
of an honorable discharge or its equivalent is a bar to plaintiff's claim for
compensation.

Appeal from Wyandotte district court, division No. 1, EDWARD L. FISCHER,
judge. Opinion filed July 11, 1925. Reversed.

*C. B. Griffith,* attorney-general, and *Donald W. Stewart,* of Independence,
for the appellants.

*Thomas F. McGlynn* and *J. K. Cubbison, Jr.,* both of Kansas City, for the
appellee.

The opinion of the court was delivered by

DAWSON, J.: This is an appeal from a judgment in favor of an
applicant for soldiers' compensation whose claim had been rejected
by the defendant board.

The plaintiff had been a fireman in the navy during the world
war. The defendant board disallowed his claim for compensation,
holding—

"The records of the war department indicate that you were not discharged
under honorable conditions."

Hence this action.

Plaintiff testified that he had lost his discharge, and the govern-
ment gave him in lieu thereof the following document:

"N. Nav. 119.                    N642-AB.                    17,143.
        "BUREAU OF NAVIGATION, NAVY DEPARTMENT,
              DEPARTMENT OF THE NAVY, BUREAU OF NAVIGATION.
                    WASHINGTON, 14 December 1923.
    "The chief of bureau directs me to state that the records of this bureau show
that William Marshall Seigle, 191-49-31 enlisted April 7, 1917, and was dis-
charged from the U. S. naval service June 28, 1919, from the receiving ship,
Boston, Mass., as fireman 1c., with an undesirable discharge.

Army and Navy, 5 C. J. § 235.

"This information is given upon the statement that the original discharge has been lost or destroyed, and upon the condition that it shall not be accepted as a voucher for the payment of any claim against the United States for pay, bounty, or other allowance. (Signed) C. P. HATCH,
*Lt. Commander,* USNRF."

The government also gave the plaintiff a certificate which reads:

"No. 236258. 191-49-31.

"U. S. N.

"WAR SERVICE CERTIFICATE, UNITED STATES NAVY.

"This certifies that William Marshall Seigle, Fireman 1c., U. S. N., performed honorable active service in the United States Navy from April 7, 1917 to November 11, 1918, on board the following ships and stations: Naval Training Station, Great Lakes, Ill.; U. S. S. Arizona; U. S. S. Alabama; Receiving Ship Philadelphia; U. S. S. DeKalb; U. S. S. Wyoming; U. S. S. Missouri; U. S. S. Indiana; Receiving Ship New York, N. Y.; U. S. S. Westwood. "(Signed) RANDALL JACOBS,
*"For the Chief of the Bureau of Navigation."*

The finding and judgment of the trial court read:

"That the residence of the plaintiff was at the time of his enlistment in the service of the state of Kansas, and that the court further found from the evidence submitted that a certificate showing that plaintiff had performed honorable active service, said certificate having been issued by the navy department and in lieu of the undesirable discharge issued to plaintiff at time of his discharge, be accepted in evidence. That the plaintiff's appeal be allowed and that there be judgment for the plaintiff. That the costs of this suit be taxed to Wyandotte county, Kansas."

The defendant board appeals.

Plaintiff moves to dismiss because the defendant filed no motion for a new trial. Defendant supplies a counter abstract showing such motion was in fact duly filed and pressed on the trial court's attention. But even if no motion had been filed, the present motion to dismiss could not be sustained. Such a situation would not justify a dismissal; it would merely limit the scope of the review. (*Ritchie v. K. N. & D. Rly. Co.,* 55 Kan. 36, 39 Pac. 718; *Tacha v. Railway Co.,* 97 Kan. 571, 573, 155 Pac. 922; *Lasnier v. Martin,* 102 Kan. 551, 171 Pac. 645.) Here the defendant board accepts as true the finding of the trial court as to the facts and raises the legal question whether such finding justified or required a judgment for plaintiff. (*Perkins v. Accident Association,* 96 Kan. 553, 555, 152 Pac. 786.)

The statute allowing compensation reads:

"73-102. The state of Kansas acknowledges its indebtedness to, and promises to pay to each person, who was a resident of the state of Kansas at the time of entering the service, and who served in the world war in any branch

Seigle v. Soldiers' Compensation Board.

of the army, navy or marine corps of the United States prior to November 11, 1918, and who was honorably discharged therefrom, the sum of one dollar per day for each day of his or her entire service during the emergency created by the world war, which for the purposes of this act shall be construed as commencing April 6, 1917, and ending June 30, 1919, which compensation shall be in addition to all pay and allowances made by the United States government."

This court has held that the mere want of the document technically known as an honorable discharge would not bar a deserving claimant, as in a case where the soldier with a long and honorable record was placed on the retired list by a general order of the United States war department. Such an order was a mark of peculiar distinction and held to be the full equivalent of an honorable discharge. (*In re Soldiers' Compensation Appeals* [*Koehler v. Board*], 116 Kan. 601, 602, 227 Pac. 1117.) So, too, soldiers holding honorable discharges on which were added the words, "Not a citizen of the United States," were held to be entitled to compensation (*In re Soldiers' Compensation Appeals* [*Horvat v. Davis*], 116 Kan. 677, 229 Pac. 355) ; but it was there said:

"We have no present concern with claims of alien soldiers holding *other than honorable* discharges."

Now we must settle the question whether any soldier or sailor who was discharged by the national government under other than honorable conditions is entitled to compensation under the Kansas statute.

In his brief the appellee supplies the court with certain information concerning discharges from the military services of the United States:

"The army had three kinds of discharges: 'white,' honorable; 'yellow,' dishonorable; and 'blue,' for discharge when the soldier was discharged other than honorable or dishonorable. Appellee contends that the navy had three kinds of discharges and that his discharge was not a dishonorable one and occupied the same position as the 'blue' discharge of the army."

To show what he assumes to be the negligible character of plaintiff's military delinquency, in his brief, appellee says:

"The only blemish that appears on this man's record during his entire military career  .  .  .  from his enlistment at the outbreak of the war until he was discharged, was that after the armistice had been signed and when the morale of all of the military forces stationed in the United States was at a low ebb on account of not having seen overseas service, and while appellee was on leave from his ship he got into a petty quarrel with some one upon the streets of a city and was incarcerated in a city jail. It followed that ap-

pellee was 'A. W. O. L.' (absent without leave) from his military command during the time appellee was in jail, and because of this infraction of the military rule, and because it was at a time when the military forces were being disbanded, this appellee was discharged unceremoniously."

This court has no reason to doubt that these were the circumstances which prevented the plaintiff from receiving an honorable discharge, but we cannot rewrite our compensation act. Two requisites are indispensable to compensation—government service in the world war prior to the armistice in the army, navy or marine corps, and an honorable discharge. Plaintiff lacks one of these requisites, and this court cannot give its sanction to a holding that the two documents furnished by the government, set out above, are the equivalent of an honorable discharge.

This conclusion requires that the judgment of the district court be reversed with instructions to enter judgment for defendant.

It is so ordered.