No. 26,601.

Roscoe M. Doyle, *Appellee,* v. The Kansas Soldiers' Compensation Board et al., *Appellants.*

SYLLABUS BY THE COURT.

1. Soldiers' Compensation — *Necessity of Honorable Discharge — Burden of Proof.* A claimant for soldiers' compensation has the burden of showing that he has an honorable discharge, or its equivalent, from the army, navy or marine corps of the United States.

2. Same—*Honorable Discharge—Sufficiency of Showing.* A second lieutenant, who shows that he was called before a board of officers, provided for by § 9, act of congress of May 18, 1917, a superior officer appointed as his counsel, and given a hearing, as a result of which he was ordered home on inactive-duty status, and later discharged from the army by direction of the president on the approved findings of the board of officers, has not made a sufficient showing of an honorable discharge to entitle him to compensation.

Appeal from Douglas district court; Hugh Means, judge. Opinion filed March 12, 1927. Reversed.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, and *George K. Melvin,* county attorney, for the appellants.

*James K. Cubbison, Jr.,* of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is a soldiers' compensation case. The sole question presented is whether the claimant had an honorable discharge within the meaning of our compensation statute. (R. S. 73-102.) Claimant attended the officers' training camp at Fort Riley. He

---

Bounties, 9 C. J. p. 311 n. 43 new.

Doyle v. Soldiers' Compensation Board.

has been paid compensation for the time there spent, in accordance with the decision of this court in *State, ex rel., v. Davis,* 114 Kan. 270, syl. ¶ 2, 217 Pac. 905. That is not in controversy. At the close of his training service, August 17, 1917, he received a commission as second lieutenant in the United States army. In the course of his army service he was transferred to Fort Sill. While there he was called before a board of officers, provided for by section 9 of the act of congress of May 18, 1917, which provides:

". . . The president is hereby authorized to discharge any officer from the office held by him under such appointment for any cause which, in the judgment of the president, would promote the public service; and the general commanding any division and higher tactical organization or territorial department is authorized to appoint from time to time military boards of not less than three nor more than five officers of the forces, herein provided for, to examine into and report upon the capacity, qualifications, conduct and efficiency of any commissioned officer within his command other than officers of the regular army holding permanent or provisional commissions therein.

"Each member of such board shall be superior in rank to the officer whose qualifications are to be inquired into, and if the report of such board be adverse to the continuance of any such officer and be approved by the president, such officer shall be discharged from the service, at the discretion of the president, with one month's pay and allowance."

A brother officer was appointed as his counsel. He and his counsel were present at the hearing. As a result of that hearing claimant was relieved from duty at Fort Sill and ordered home on inactive-duty status to await final action upon the recommendation of the board of officers. On September 21, 1918, by direction of the president, on the approved findings of the board of officers, claimant was discharged. The discharge reads as follows:

"WAR DEPARTMENT,
"WASHINGTON, September 21, 1918.

"SPECIAL ORDERS, No. 222. (Extract.)

"68. By direction of the president, Second Lieutenant Roscoe M. Doyle, field artillery, is discharged from the military service of the United States, to take effect this date, on the approved findings of a board of officers convened under the provisions of section 9, act of congress, approved May 18, 1917. (Bulletin No. 32, 1917 series, War Department.)

"By order of the secretary of war.          PEYTON C. MARCH,
                                             *General, Chief of Staff.*"

The record does not show the complaint filed with and heard by the board of officers, nor the report made by such board to the president. The only evidence on that point in the court below was the testimony of claimant, who testified:

"Q. What were you called before the military board for? A. Well, I don't rightly know everything. I had missed some formations, and been getting in bad with the adjutant there. I can't really say all their reasons, but I suppose that's what it was for.

"Q. What did they do with you there? A. Just questioned me and read me the list of the formations that I had missed, and well—I can't recall very much more than that. They talked quite a good deal."

The trial court was of the view that since the discharge might have been for lack of capacity, or other honorable reasons, that claimant had made a *prima facie* case that he was honorably discharged. This view is erroneous. The forms of discharges issued to soldiers, not commissioned officers, were three: (1) An honorable discharge; (2) a discharge without honor, *i. e.*, which bore no notation as being either honorable or dishonorable; or (3) a dishonorable discharge. Only those soldiers who received honorable discharges are entitled to compensation under our statute. (R. S. 73-102.) Those who received discharges without honor, or dishonorable discharges, are not entitled to compensation. The same form of discharge was not used for commissioned officers that was used for soldiers and noncommissioned officers (*Fuller v. Board,* 116 Kan. 602, 227 Pac. 1117), but the testimony in this case shows that an honorable discharge issued to a commissioned officer was so noted. As tending to show the view of the war department as to discharges of this character, we are furnished war department circular No. 218 (April 28, 1919), being the opinion of the acting judge advocate general, in which is the following:

"3. It is the opinion of this office that the separation of officers from the service by resignation or discharge should in all cases be considered as being made under 'honorable conditions' except when such resignation is accepted 'for the good of the service' or when the order or certificate of discharge recites facts precluding the presumption of 'honorable conditions.' The *dismissal* from the service of an officer by sentence of a general court martial *or by order of the president* should not be considered as a discharge under 'honorable conditions.'

"7. Discharges by order of the president or the secretary of war other than those mentioned herein must be considered each upon its merits to determine whether or not they are made under 'honorable conditions'."

Claimant's showing was not sufficient to support a finding that he had received an honorable discharge; at best it is no more than the equivalent of a discharge without honor. This would not entitle him to compensation. If his discharge is considered in connection with his testimony it tends to show a discharge for dishonorable

reasons—he had been missing formations and "getting in bad" with the officers. A claimant must show that he has an honorable discharge, or its equivalent (*Seigle v. Soldiers' Compensation Board,* 119 Kan. 253, 237 Pac. 657), and the burden is upon him to make that showing.

The judgment is reversed with directions to deny the claim.