No. 30,920.

PHILLIP S. KNIGHT, *Appellant,* v. KANSAS COMPENSATION BOARD, *Appellee.*

(21 P. 2d 327.)

Opinion filed May 6, 1933.

*Benjamin F. Endres* and *Keefe O'Keefe,* both of Leavenworth, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, and *Joseph J. Dawes,* county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to compel payment of compensation to plaintiff as a Kansas soldier during the world war.

The compensation board rejected plaintiff's claim, and on appeal the trial court sustained its ruling, predicated on the following finding of fact:

"The plaintiff, Phillip S. Knight, was born in Leavenworth, Kan., about 1887, and lived with his mother in Leavenworth, Kan., until about August, 1914, when he went to Kansas City, Mo., where he lived until he entered the service in May, 1917.

"The plaintiff enlisted in the army of the United States at Kansas City, Mo., on May 17, 1917, and was honorably discharged therefrom on May 16, 1919, at Camp Funston, Kansas, and drew travel pay to Kansas City, Mo., on his discharge.

"The plaintiff last voted in Missouri prior to his enlisting in the army.

"He applied for a bonus to the state of Missouri and received a bonus from the state of Missouri for his services in the world war.

"His claim for a bonus from Missouri was supported by his affidavit in which he stated that he had been a resident of the state of Missouri since August, 1914, and also by affidavits of other persons who stated that he had been a resident of the state of Missouri for more than one year prior to April 6, 1917.

"From these facts I find that the plaintiff, Phillip S. Knight, was not a resident of Kansas at the time he entered the service on May 17, 1917, and therefore he is not entitled to the bonus granted by the state of Kansas, and that plaintiff pay the costs of this action."

Plaintiff assigns error, and to establish it he adduces some evidence, which if given generous credence and if his enlistment record as a Missouri volunteer and other evidential circumstances were ignored, would have supported a finding that he was a resident citizen of Kansas at the time he entered the service, and that he so remained until his discharge from the army.

There was substantial evidence, however, to support the trial court's findings that plaintiff became a resident of Missouri in 1914. His occupation or profession was that of a boxer, which took him occasionally to St. Louis, Memphis, and elsewhere. In so far as he had a residence anywhere it appears to have been at 4032 Paseo, Kansas City, Mo., until he enlisted as a volunteer. On May 17, 1917, he enlisted in Kansas City, Mo. At that time he was directed to await for three or four weeks before proceeding to St. Louis to be assigned to active duty as a private in the 12th regiment of engineers. While awaiting that call he was registered in the draft in Leaven-

worth and gave his birthplace and residence as 818 Osage street, in that city. There was evidence to show that the last vote he cast as an elector was in Missouri, but there was also evidence that on March 12, 1917, he had registered as a voter in Leavenworth. What must have shaken any credence the trial court might otherwise have given to plaintiff's claim was the verified recitals of fact he gave in his application for a soldier's bonus under Missouri law, some excerpts of which read:

"1. Name of applicant in full: Knight, Phillip S.

"2. Your address at time of enlistment, induction or commission: 4032 Paseo, Kansas City, Mo.

. . . . . . . . . . . . .

"5. Place of enlistment, induction or commission: Kansas City, Mo.

"(a) If in draft, place of registration: No.

"(b) When were you enlisted, inducted or commissioned? May 17, 1917.

. . . . . . . . . . . . .

"6. If you enlisted or registered in another state, give reason for so doing: No.

"7. Date of reporting for duty: July 5, 1917.

. . . . . . . . . . . . .

"11. Name and address of mother at time of enlistment, induction or commission: Mrs. Mary Knight, Leavenworth, Kan.

. . . . . . . . . . . . .

"13. Where did you last vote before entering service? Kansas City, Mo.

"19. Were you absent from Missouri during any part of the year immediately before April 6, 1917? No.

"(a) If so, for what purpose? None.

. . . . . . . . . . . . .

"21. How long before April 6, 1917, had you been in Missouri? Two years. (Aug., 1914.)

"22. If you came to Missouri from another state, what business did you enter when you came to Missouri? Switchman. To what point did you receive travel pay when discharged? Kansas City.

. . . . . . . . . . . . .

"27. Give address to which correspondence in reference to your claim should be sent: 4032 Paseo, Kansas City, Mo.

"28. Remarks: Copy from your discharge all items mentioned under 'Remarks': No AWOL; no absence under GO 45-14 or 31-12; on foreign service from July 25, 1917, to April 2, 1919; reduced R. R. fare to Kansas City, Mo."

Plaintiff gave testimony in his own behalf. His cross-examination, in part, reads:

"I received $220 from the state of Missouri. At the time I enlisted I did not live at 4032 Paseo, Kansas City, Mo. I never lived there. I got a brother that lives out there.

"Q. You furnished affidavits to the state of Missouri showing you resided

at 4032 Paseo, Kansas City, Mo.  A. No, sir, I did not.  . . .  Maybe I did give my residence as 4032 Paseo, Kansas City, Mo.

"Redirect examination:

"The affidavit I made for the state of Missouri was false.  I was just dropping in there, in and out of there (Kansas City), you know.  I never did stay out to my brother's house.  I stayed downtown always."

The context makes it clear that "downtown" in this testimony of plaintiff meant downtown in Kansas City, Mo.

This case is not at all like *Parrish v. Soldiers' Compensation Board*, 117 Kan. 301, 231 Pac. 332, nor like *Knuth v. Kansas Compensation Board*, ante, p. 392, 20 P. 2d 471, where this court, on controlling and undisputed facts, held that claimant was a resident citizen of Kansas at the time he entered the army for service in the world war, notwithstanding he had received a bonus from another state for the same services.  The present case is on all fours with *Baldwin v. Soldiers' Compensation Board*, 117 Kan. 129, 230 Pac. 82; *Doniphan v. Davis*, 116 Kan. 601, 603, 227 Pac. 1117; 116 Kan. 677, 680, 229 Pac. 355; and it is therefore subject to the familiar rule that a trial court's judgment based upon competent but conflicting evidence cannot be disturbed.

The judgment is therefore affirmed.