No. 33,019

Ernest Aron Fessler, *Appellee*, v. The Kansas Soldiers' Compensation Board, Alf M. Landon, M. R. McLean, Charles W. Thompson, Edward J. Powers and Frank J. Ryan, as Representing Said Board, *Appellants*.

(61 P. 2d 911)

Opinion filed November 7, 1936.

*Clarence V. Beck*, attorney general, *Forrest D. Smythe*, special assistant attorney general, *Arthur J. Stanley, Jr.*, county attorney, and *E. A. Schalker*, deputy county attorney, for the appellants.

*Frederick R. White*, of Kansas City, for the appellee.

The opinion of the court was delivered by

Harvey, J.: Appellee filed his claim for soldiers' compensation under R. S. 73-101 *et seq.* The board disallowed his claim on the ground that his separation from the service was not under honorable conditions. He appealed to the district court, where a hearing was had and his claim was allowed. The compensation board has appealed.

The facts of his service and discharge are not in controversy. He enrolled in the naval reserve July 18, 1918, reported for active duty on July 23, 1918, was released from active duty December 12, 1918, recalled to active duty and transferred to the regular navy July 6, 1920, and received an undesirable discharge March 16, 1921. The trial court was of the opinion that his release from active duty December 12, 1918, was tantamount to an honorable discharge, and allowed compensation to that date.

One of the requisites for allowance of compensation is an honorable discharge (R. S. 73-102; *Seigle v. Soldiers' Compensation Board,* 119 Kan. 253, 256, 237 Pac. 657; *Doyle v. Soldiers' Compensation Board,* 123 Kan. 390, 254 Pac. 1025). The only legal question in this case is whether his release from active duty on December 12, 1918, is equivalent to an honorable discharge. This release from active duty was not a discharge from the navy at all. That is clearly indicated by the letter from the chief of the Bureau of Navigation, offered in evidence, and was so understood by the claimant. He testified that this release was not a discharge. The only discharge he received was an undesirable discharge March 16, 1921.

The claimant calls to our attention the case of *Koehler v. Board (In re Soldiers' Compensation Appeals)*, 116 Kan. 602, 227 Pac. 1117, where it was held that a general order of the War Department placing a soldier on the permanent retired list after more than twenty-seven years of army service under honorable conditions is equivalent to an honorable discharge, and to some language pertaining to that ruling in *Seigle v. Soldiers' Compensation Board,* 119 Kan. 253, 237 Pac. 657, at page 255. Koehler's retirement was permanent. He was not subject to recall for duty. It was a special recognition of long and honorable service. Normally, it was the only thing in the nature of a discharge he would ever receive. This claimant was not permanently retired in recognition of long, honorable service. He was simply released from active duty, subject to being recalled for duty, and was in fact recalled.

The judgment of the court below is reversed with directions to enter judgment for appellant.