No. 33,148

DEWEY IRA WALLACE, *Appellee*, v. THE STATE OF KANSAS and THE KANSAS SOLDIERS' COMPENSATION BOARD, *Appellants*.

(67 P. 2d 505)

Opinion filed May 8, 1937.

*Clarence V. Beck*, attorney general, *William E. Scott*, assistant attorney general, *Arthur J. Stanley, Jr.*, county attorney, and *E. A. Schalker*, deputy county attorney, for the appellants.

*William B. Fogarty*, of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This was a soldiers' compensation case. The record discloses that claimant while a resident of Kansas enlisted in the United States navy, April 20, 1917. In October of that year he extended his enlistment to expire October 29, 1920, and again, in November, 1919, he extended his enlistment for three years to expire in October, 1923. On January 8, 1920, he deserted and was A. W. O. L., and his name was carried on the navy rolls as a deserter at large. On August 30, 1932, he was issued an undesirable discharge.

Claimant contended and the trial court found that his reënlistment, or, more accurately, the extension of his enlistment, was the equivalent to an honorable discharge at that time. The point is not well taken. The record discloses the navy does not issue discharges of any kind upon an extension of an enlistment, or upon a reënlistment, but that in such cases the service is regarded as being continuous. The only discharge claimant ever received was an undesirable discharge. Under our statute (G. S. 1935, 73-102) compensation is payable only to those who served in the World War in some branch of the army, navy or marine corps of the United States and who were "honorably discharged therefrom." Claimant is not in that class. This court should not rewrite our compensation act. (*Seigle v. Soldiers' Compensation Board*, 119 Kan. 253, 237 Pac.

657; *Doyle v. Soldiers' Compensation Board,* 123 Kan. 390, 392, 254 Pac. 1025; *Fessler v. Soldiers' Compensation Board,* 144 Kan. 558, 61 P. 2d 911.)

The judgment of the trial court is reversed, with directions to enter judgment for defendants.